**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2013 AUG -6 AM 11: 53

JEFFREY P. COLWELL
CLERK

MALIBU MEDIA, LLC

***UNDER SEAL***         DEP. CLK
BY_____

*Plaintiff*

v.                                          Case/Docket # - 1:13-cv-01528 —WYD-MEH

JOHN DOES - IP ADDRESS ID 24.8.119.92

*Defendant*

MOTION OF JOHN DOE TO PROCEED ANONYMOUSLY

    Pursuant to the court's order entered June 21, 2013, *pro se* defendant John Doe IP address ID 24.8.119.92 respectfully moves for an order permitting said John Doe to proceed anonymously.
    Plaintiff has filed this case with a blatant disregard for the rights of the Movant, particularly with respect to this Court's lack of personal jurisdiction. It seems that the only reason this case was filed in this court was to attempt to "forum shop" after receiving an adverse result based on improper joinder in Malibu media, LLC v. John Does.
    The Plaintiff's clear litigation strategy is to obtain large settlements based on the threat that defendants will be irreparably harmed if their identities are made public. Alternatively, the Plaintiff seeks to obtain the Defendants' contact information so it can engage in a "shakedown" campaign. One must ask how did the Plaintiff actually acquire the John Doe IP addresses in the first place without using their own deceiving means of alluring strategies. In addition, no *specific file(s)* of alleged copyrighted material have been identified at alleged time of 3:16:42 GMT on 4/07/2013 by the Plaintiff in this filing. Unless the Movant can proceed anonymously, especially until his motions are resolved, the Court's rulings on the subpoena and jurisdictional issues will essentially be moot – the plaintiff will have succeeded in "gaming" the system by obtaining through court procedure what it may not have been entitled to, obtained through issuance of a subpoena or filing of its complaint. If the court in Colorado had required the Defendants to enter an appearance – even if under seal – before it found that they were impersonally joined, the Plaintiff would have been able to misuse the court to obtain settlement leverage.

  Said John Doe states he did not commit the acts alleged by the Plaintiff. If said John Doe's identity is disclosed in litigation, he will forever be linked to a highly embarrassing – and untrue – allegation. With such resourceful internet information avenues available today such as Google, Facebook and Linkedin, it's near impossible to clear one's name of any judgment, positive or negative. The Plaintiff's allegation will be easily discoverable by his family, creditors, employers, and colleagues – few of whom will understand what it means that he later was dismissed from the case. Even if the Motion to Seal is granted, disclosure of the Movant's identity to the Plaintiff will likely result in a stream of threatening letters and calls. Having to choose between these consequences and paying off the Plaintiff's settlement demand is a steep price to pay for having used an unprotected wireless router and the unknowns surrounding where the Plaintiff acquired said IP address in the first place.

For the reasons stated above, said John Doe sincerely and respectfully asks that this Motion be granted.

*John Doe 24.8.119.92    8/6/13*
John Doe IP address ID 24.8.119.92
*Pro se*
Case/Docket # - 1:13-cv-01528
August 6, 2013